[No. 24903.   Department Two.   May 14, 1934.]

FRANK J. GUSE, *Respondent*, v. OSCAR LUNDGREN, *Appellant*.[1]

*M. E. Mack,* for appellant.

*G. E. Lovell,* for respondent.

GERAGHTY, J.—Plaintiff sued defendant on a promissory note in the sum of five hundred dollars, and for the sale of a certificate for five hundred shares of the preferred stock of the Globe Securities Company, pledged to secure payment of the note.

The defendant appeared, and moved for permission to file a cross-complaint bringing in as cross-defendants Fred J. Blomberg and the Globe Securities Company, upon the ground that the cross-defendants were the real parties in interest, the plaintiff being merely their agent in lending the money to the defendant; that the defendant purchased the pledged stock from Blom-

[1]Reported in 32 P. (2d) 807.

berg, and that Blomberg, at the time of purchase, orally agreed, on behalf of himself and the Globe Securities Company, that, if the defendant at any time wanted the purchase money back, they would repurchase the stock from him; that he had demanded of them the repurchase of his stock, and they had refused to do so and had procured the bringing of the suit by plaintiff; that defendant had purchased other shares from Blomberg under a like agreement, and was entitled to have the cross-defendants specifically perform their contract to repurchase.

The application to bring in the additional parties was denied by the court. Defendant then answered, admitting the execution of the note and the pledging of the stock, and as an affirmative defense and counterclaim, made substantially the same allegations as were contained in his application to file his cross-complaint.

The case was tried to the court. The plaintiff offered no evidence, standing upon the admissions of defendant's answer. The defendant having introduced his evidence in support of the allegations of his affirmative defense and counterclaim, the court rendered judgment in favor of plaintiff as prayed for. The defendant appeals.

Appellant's first assignment of error is upon the court's refusal to permit him to bring in Blomberg and the Globe Securities Company as cross-defendants. In the light of the subsequent outcome of the case, appellant was not injured by the court's action. The appellant admitted the execution of the note, the ownership of the stock, and its pledge as security. The fact that he had an independent contract with Blomberg and the Securities Co. to repurchase the stock was a wholly different transaction, that could have no relation to the cause of action set forth in the respondent's complaint, unless he could show

the fact to be, as he alleged in his affirmative answer and counterclaim, that respondent was not, in truth, the real party in interest, but the agent of Blomberg and the Securities Co. As we shall see, he failed to sustain this contention.

We need not consider appellant's evidence in support of the alleged agreement of Blomberg and the Securities Co. to repurchase the stock, because, failing to establish the relation of agency, the evidence upon that was immaterial.

In support of his contention that respondent was the agent of Blomberg and the Securities Co., appellant testified that he had, on several occasions, demanded of Blomberg, who was the president, manager and controlling stockholder of the Securities Co., that he and his company repurchase the stock, in accordance with the terms of the oral agreement; that Blomberg told him the company had no money to invest in the stock, and refused, on his own behalf or for the company, to repurchase; that Blomberg finally told appellant he could borrow five hundred dollars, the sum he had paid for the stock, at the Washington Trust Company bank, and requested him to appear there at a stated time; that, when he appeared at the bank, Blomberg introduced him to the respondent, the bank's cashier; that respondent had him execute a note for the sum, and paid him $490, deducting ten dollars from the five hundred dollars as three months interest at the rate of eight per cent. Appellant testified respondent first demanded ten per cent, but, on his protesting the rate, agreed on the lesser rate. When the note fell due, he was notified, and again appeared at the bank and paid ten dollars for another three months extension. While one of the bank's note blanks was used, the note was made in favor of respondent, who paid appellant the proceeds with his own check.

While making no formal findings, the court found the facts against appellant's contention on the question of agency, and we think its conclusions are fully justified. The burden of establishing the agency was upon appellant, and he failed to sustain it. The mere fact that Blomberg introduced him to respondent, or even aided him in procuring the loan, would not warrant the inference that respondent was lending the money for Blomberg. It is not at all uncommon for one who is solicited for money to refer the applicant to a bank or someone else who is engaged in the business of loaning money. Appellant purchased the stock at the time of the organization of the Securities Co., in 1929, and was its vice-president for two or three years thereafter. He appears to have had considerable business experience, and knew what he was doing when he borrowed the money from respondent.

Apart from the record, it would seem a highly improbable transaction for Blomberg and the Securities Co., after declining to repurchase the stock for five hundred dollars, to then lend appellant that sum through an intermediary, taking the stock as security, with the prospect of delay and expense in acquiring title to it by foreclosure.

The judgment will be affirmed.

BEALS, C. J., TOLMAN, HOLCOMB, and MAIN, JJ., concur.